D+F
C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

NAJIBULLAH NOOR,

                Petitioner,

-against-

LARRY SEARS,
Superintendent.

                Respondent,
----------------------------------------X

NOT FOR PUBLICATION

MEMORANDUM AND ORDER
05-CV-5433(ERK)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 6 ★
BROOKLYN OFFICE

Korman, Ch. J.

    The District Attorney moves to dismiss the petition for a writ of habeas corpus on the ground that it was not timely filed. The record is undisputed that the Appellate Division denied petitioner's application for leave to appeal the denial of his motion pursuant to CPL § 440.10 on October 27, 2005, and that only three days remained of the one year period he had to file his petition for a writ of habeas corpus. Petitioner did not receive notice of the denial of his application for leave to appeal to the Appellate Division until November 3, 2005, Petition at ¶ 5, item 16(g), and the petition was mailed on November 8, 2005.

    While the Second Circuit does not appear to have ruled on this issue, other Courts of Appeals have held that "a prisoner's lack of knowledge that the state court reached a final resolution of his case can provide grounds for equitable tolling if petitioner has acted diligently in the matter." Woodward v. Williams, 263 F.3d 1135, 1143 (10th Cir. 2001); Knight v. Schofield, 292 F.3d 709 (11th Cir. 2002); Philips v. Donelly, 216 F.3d 508, 511 (5th Cir. 2000).

    Petitioner here did not receive notice that the Appellate Division reached a final

resolution of his case until after the statute of limitations expired. After receiving the notice, he prepared his typewritten petition with accompanying exhibits and mailed it on November 8, 2005 within five days. Petitioner plainly acted with due diligence. Moreover, I reach this conclusion without regard to whether the filing of his petition was delayed because a malfunctioning copy machine at the prison prevented him from filing even sooner.

The motion to dismiss the petition is denied. The District Attorney is directed to file a response to the petition within 60 days of the date of this order.

**SO ORDERED:**

Brooklyn, New York
June 5, 2006

s/Edward R. Korman
Edward R. Korman
United States Chief District Judge

2